IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DEBORAH R. JONES | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-136 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 20, 2010, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. The matter was referred to for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

The Commissioner filed an answer to the complaint on June 21, 2010. Plaintiff filed her opening brief on August 27, 2010; the Commissioner filed his brief on October 26, 2010.[1] On August 12, 2011, the Court issued a Report and Recommendation that the case be reversed and

_____

[1] At the time of briefing, the Commissioner was Michael J. Astrue. The Acting Commissioner is now Carolyn W. Colvin.

remanded.  On September 12, 2011, the District Court adopted the Report and Recommendation and entered a Final Judgment reversing and remanding the decision of the Administrative Law Judge.

On October 14, 2011, Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,541.72, including attorney fees of $3,191.72 and costs of $350.00.  The Court granted the motion and awarded the aggregate amount of $3,541.72 on November 17, 2011.  Movant, Plaintiff's attorney, then moved for an extension of time in this Court in which to file his motion for attorney's fees pursuant to 42 U.S.C. § 406(b), which the Court granted.

On September 27, 2012, an Administrative Law Judge issued a fully favorable decision finding Plaintiff disabled under Title II of the Social Security Act and awarded past due benefits. *See* Petition to Obtain Approval of a Fee for Representing a Claimant Under the Social Security Act (docket entry #20) (the "Motion") at 3 & n.1; Commissioner's Response (docket entry #21) at 2. Movant then filed the instant motion on May 3, 2013, seeking fees for representation in this Court in the amount of $12,697.50, citing a Social Security Administration notice dated April 30, 2013, that this amount was being held in reserve for such payment after having paid $6,000.00 in attorney fees to attorney Mary Ann Rae (who represented Plaintiff at the administrative level) and the balance of the past-due payments to Plaintiff.  *See* Motion at 3, n.1 & attachment; Response at 2.  The Commissioner filed her response on May 17, 2013, in which she stated that the amount requested and the amount already paid to attorney Rae does not exceed an aggregate 25% of Plaintiff's past-due benefits.  The Commissioner's position is that the requested fee is reasonable and that she does not object to the award in that amount.

2

### Discussion

The Act provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled.   42  U.S.C. § 406(b)(1).   The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level.  *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Here, the Commissioner has affirmed that the amount Movant has requested, $12,697.50, and the amount already paid to attorney Rae, $6,000.00, in the aggregate equals 25% of the past-due benefits paid to Plaintiff in this case.  Further, the contingency fee agreement between Movant and Plaintiff is in the amount not to exceed 25% of benefits awarded.  *See* Motion at attachment.   In addition, Movant has demonstrated that he has performed 17.75 hours of representation in this Court. *See id*.  As noted above, the Commissioner finds the fee requested reasonable and does not object to it.  The Court also finds that the amount of the requested award is reasonable.  *Gisbrecht*, 535 U.S. at 808.

Movant acknowledges that he has already been awarded attorney fees in the amount of $3,191.72 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff.  *See* Motion at 6; *Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2528 n.4, 177 L. Ed. 2d 91 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412).

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Petition to Obtain Approval of a Fee for Representing a Claimant Under the Social Security Act (docket entry #20) is hereby **GRANTED**.  Movant shall be awarded the sum of $12,697.50 to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter.  It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $3,191.72 to Plaintiff.

**SIGNED this 31st day of May, 2013.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE